BRISTOL COUNTY WATER COMPANY *vs.* PETER OLIVIERA *et al.*

MAY 16, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is a certificate of taking filed by the Bristol County Water Company pursuant to its charter and the provisions of general laws 1938, chapter 637. It was filed in the superior court on December 5, 1956. The certificate describes the land taken but there was also filed and made a part thereof a plat of said land.

The certificate alleges the necessity for the taking, names the owners, and asks that they be notified of the time and

place of the hearing as to the necessity for the taking. It also prays for the appointment of commissioners to appraise the damage. The matter was heard by a justice of the superior court who found that the taking was necessary and he appointed commissioners. Each respondent landowner excepted to the decision and the parties have brought the case to this court by their bills of exceptions, which will be treated as one.

The respondents attack the decision on several grounds. They first question the finding of public necessity. One of the principal reservoirs of petitioner is located in the town of Warren near the Kickemuit river, a tidewater stream. During the hurricane of August 31, 1954 salt water invaded the reservoir and made the water undrinkable and unusable. It was to remedy this situation that the land of respondents which adjoins the reservoir was taken so that a dike could be built to protect the upper part of the reservoir from inundation of salt water. The trial justice stated: "The proof is that the land sought to be condemned is required for the location of a dike to prevent the intrusion of sea-water, for the purpose of supplying a source of material for the dike and for the purpose of protecting the reservoirs from the danger of contamination by the day to day use of land abutting the ponds." Examination of the record shows that the trial justice was not clearly wrong in making the finding of public necessity for taking the land.

The respondents' next point is that petitioner did not exercise the right of eminent domain as to this particular property but that the resolution of the directors delegated to "its President or a Vice-President, and/or its attorneys, or any of them" the selection of the land to be taken. The resolution described the necessity for taking certain property in the town of Warren but it did not identify respondents' property although it is clear from the resolution that it had this property in mind. We are of the opinion that this point is not well taken. A corporation acts only through

its officers and agents thereunto duly authorized. The charter does not provide how corporate action shall be taken. The certificate was signed for the corporation by its president thereunto duly authorized by a vote of the board of directors. See 6 Fletcher, Cyc. Corps. (perm. ed.), §2496, p. 284, and 13 Am. Jur., Corporations, §746, p. 779. The fact that other agents below the president could have acted is immaterial. *City of Newport* v. *Newport Water Corp.*, 57 R. I. 269, 281, 283.

The respondents rely upon the statement in 1 Nichols, Eminent Domain (3d ed.), §3.211, p. 217, to the effect that the delegation of the power of eminent domain to a particular public or corporate body or to an officer is a personal trust and cannot be redelegated. This is the law but we find no redelegation here. The respondents cite the cases in the note to the above section of Nichols but none of them seems to us to support their position. In many of them the power to exercise eminent domain was vested in a particular officer such as a commissioner, engineer and the like who, of course, being natural persons could not redelegate the selection of the land to be taken. In other cases the power was vested in the town meeting and it was held that the town meeting could not redelegate to the selectmen the selection of the property to be taken.

The next contention of respondents is that there was no contract between petitioner and any of the towns in Bristol county which required the corporation to furnish that town with water, and that such a contract is a condition precedent to the right of condemnation by petitioner.

In 1882 the general assembly passed what was G. L. 1938, chap. 637, at the time this case was started. It has not been substantially changed in the various revisions. Section 1 first gives a town the power to provide a water supply for its inhabitants. It then provides that "whenever any town shall enter or shall have entered into any contract with any person or corporation to furnish such town with such a

water supply (a contract which towns are hereby authorized to make), then such town, or the person or corporation bound to fulfill such contract, as the case may be, may take, condemn, hold, use and permanently appropriate any land, water, rights of water and of way, necessary and proper to be used in furnishing or enlarging any such water supply * * *."

The pertinent part of section 1 and all of sec. 3 of petitioner's charter reads as follows:

"Section 1. George H. Norman, William J. Miller, Preston Day, Isaac F. Williams, Sidney Dean and Benjamin M. Bosworth, Jr., their associates, successors and assigns are hereby made a body corporate and politic by the name of the 'Bristol and Warren Water Works,' for the purpose of furnishing to said towns of Bristol and Warren a *supply of pure water,* to be used for domestic manufacturing and other purposes and for fire protection, with all the powers and privileges and subject to all the duties and liabilities set forth in chapters 152 and 155 of the Public Statutes, and in chapter 285 of the Public Laws, and in all acts in amendment of said chapters and in addition thereto * * *." (italics ours)

"Sec. 3. Said corporation shall have the power and privilege to take, condemn, hold, use and permanently appropriate any land, water, rights of water and of way for the purposes aforesaid, or of the purposes mentioned in said chapter 285 of the Public Laws, under any contract which said Norman has made with said towns of Bristol and Warren, in the manner and subject to the restrictions provided in said chapter 285, in the same way as if said contract was originally made with said corporation, provided said Norman shall grant to said corporation said power and privilege."

Chapters 152 and 155 referred to in the charter are the predecessors of our general corporation law and chapter 285 is the predecessor of chapter 637.

The petitioner and the trial justice took the view that no

contract was necessary because the first part of sec. 3 of the charter above quoted provides that the corporation shall have the power to condemn *"for the purposes aforesaid, or* of the purposes mentioned in said chapter 285." (italics ours) That position seems to us to be sound, but we find it unnecessary to specifically rule on that point since we are of the opinion that if a contract was necessary in this case the corporation had such a contract with the town of Bristol at the time this proceeding started although it expired on May 14, 1957. The hearing on this certificate was held in February 1957 and the decision was filed on March 29, 1957. We hold that the Bristol contract which is in the record satisfies petitioner's alternative right to take the land in question.

The respondents' next contention is that petitioner had no right to take property for the purposes for which it was taken. We have already stated why the land was taken. Since the corporation had the right of condemnation in order to supply "pure water" we see no merit in this contention. Furthermore, we are of the opinion that the taking of the land for the purposes mentioned was "necessary and proper to be used in furnishing or enlarging any such water supply," to use the words of the statute above quoted. In this connection respondents argue that the resolution was not broad enough to authorize the taking of the land for this purpose.

The second "whereas" of the resolution reads:

> "Whereas, in the opinion of the Board of Directors, certain property in the Town of Warren, Rhode Island must be acquired to satisfy this need made urgent by the greater use of water in the growing communities served by the corporation and by the probability of contamination of water from hurricane driven sea and tide waters unless safety measures are taken * * *."

The resolution itself, which is couched in the words of the statute, authorizes the taking of land "necessary and proper to be used in furnishing or enlarging any such water sup-

ply." We consider the language of the resolution adequate for the purpose of this case.

The respondents also attack the decision because of the lack of consent of the chief of the division of harbors and rivers under G. L. 1938, chap. 638 §4, which reads: "No dam or reservoir shall be constructed or substantially altered until plans and specifications of the proposed work shall have been filed with and approved by the said chief."

We find it unnecessary to decide whether such consent is a condition precedent in a case like this, since we are of the opinion that the dike or levee was not a "dam" as that word was used in the statute. A dam keeps water in, a levee keeps it out. In *Powers* v. *Lawson*, 86 R. I. 441, 136 A. 2d 613, 616, we had occasion to consider this provision and concluded that the mischief of the statute was to prevent dams from breaking and causing damage down stream. In the instant case the reservoir is already built and what is proposed to be done would not constitute a substantial alteration thereto.

The respondents finally assert a failure of petitioner to comply with G. L. 1938, chap. 333, §42, which reads as follows:

"The town council of any town or the city council of any city may grant to any person or corporation the right to lay water pipes in any of the public highways of such town or city for supplying the inhabitants of such town or city with water, and may consent to the erection, construction and the right to maintain a reservoir or reservoirs within said town or city, for such time and upon such terms and conditions as they may deem proper including therein the power and authority to exempt such pipes and reservoirs and the land and works connected therewith from taxation."

Again we find it unnecessary to decide whether in a proper case the consent of the town is a condition precedent to the taking of land, for here the reservoir is already built and the pipes laid. This together with what we have said

under the previous point is sufficient answer to this contention. We find no merit in respondents' attacks upon the decision.

The respondents' exception to the decision is overruled, and the case is remitted to the superior court for further proceedings.

*John G. Coffey, Francis J. Maguire,* for petitioner.

*Cornelius C. Moore, Francis J. Boyle,* for respondents.